UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL S. MCLAIN,

    Plaintiff,

v.

SEDGWICK CO. SHERIFF'S OFFICE, *et al.*,

    Defendants.

Case No. 25-4036-JWB-BGS

**MEMORANDUM & ORDER ON *PRO SE* MOTIONS**

This matter comes before the Court on numerous motions[1] filed by Plaintiff Michael McLain:

1. "Request for ADA Accommodation – Communication Support Device" (Doc. 10);

2. "Motion for Order to Show Cause" (Doc. 12) with supplement thereto (Doc. 15);

3. "Plaintiff's Emergency Motion to Supplement Complaint with Evidence of Imminent Retaliation and Request for Judicial Notice" (Doc. 14); and

4. "Plaintiff's Motion for Leave to Amend Paty Name to Correct Identification of Defendant Entity" (Doc. 18).

The motions will be considered by the Court in turn.

**I.    "Request for ADA Accommodation – Communication Support Device" (Doc. 10).**

In this motion, Plaintiff asks for "permission to use a non-recording electronic device (such as a phone, tablet, or laptop) during court proceedings." (Doc. 10, at 1.) He contends that he is a "100% service-connected disabled veteran with medically documented Post-Traumatic Stress

---

[1] Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 4, sealed) is the subject of a separate Report & Recommendation to the District Court.

1

Disorder (PTSD) and Traumatic Brain Injury (TBI)," which "substantially affect [his] ability to communicate clearly under stress, especially in real-time verbal settings such as court hearings." (*Id.*) Plaintiff continues that the device "will be used only to: - Type and read back my own statements, - Assist with sentence formulation, - Access communication support tools that help me clarify responses." (*Id.*, at 1-2.) He continues that he does "not intend to record, photograph, or transmit court proceedings in any way" but that the request is "strictly for cognitive and communication access so I may effectively participate in my own case." (*Id.*, at 2.)

The Court is hesitant to grant this request based on the limited amount of information provided in Plaintiff's motion. Further, Plaintiff's motion is premature because, as of the present time, no in-person hearings have been scheduled in this case. The Court thus **DENIES** Plaintiff's motion (Doc. 10), **without prejudice to refiling**. Once the Court has scheduled an in-person conference and/or hearing in this case, such as a scheduling conference, the Court will make arrangements for Plaintiff to bring his phone with him and the Court will discuss the use of such device with Plaintiff at that time.

## II.    "Motion for Order to Show Cause" (Doc. 12) and supplement (Doc. 15).

For context regarding this motion, Plaintiff states that he was "arrested and booked on or about April 2, 2025, without the filing of formal charges or the assignment of a [criminal] case number." (Doc. 12, at 1.) He continues that he was "released on a $1,000 recognizance bond without any judicial hearing, signature, or appearance before a magistrate, as required by K.S.A. 22-2901 and federal due process standards." (*Id.*, at 1-2.) He states that he was "compelled to appear in person at a proceeding" referred to as a "warrant hold," on April 16, 2025, "where Sedgwick County personnel confirmed there was no case filed and no judge present, yet reaffirmed Plaintiff's bond obligations and directed ongoing compliance." (*Id.*, at 2.) According to Plaintiff, Sedgwick County

"officials refused to accept ADA documentation and explicitly stated "this is not court," indicating that no lawful process was afforded." (*Id.*)

Plaintiff contends that he "remains subject to bond or recognizance conditions without the benefit of judicial oversight, formal charges, or timely appearance before a magistrate, in apparent violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, Title II of the Americans with Disabilities Act." (*Id.*, at 1.)

In his supplement to this motion, Plaintiff alleges that "[a]ccording to communications from Sedgwick County Detective Alvarez, the case will not be presented to the District Attorney until July 2025, and bond conditions will remain active until that time." (Doc. 15, at 1.) Plaintiff continues that he asked Detective Alvarez "whether this procedure-arrest, release on bond, and months-long delay without a probable cause hearing-was part of written department policy." (*Id.*) Detective Alvarez is alleged to have confirmed that it was "policy for those on bond." (*Id.*) Plaintiff contends this reflects "either an unwritten practice or poor training, both of which support [his] Monell claim." Plaintiff requests the Court "issue an Order directing Defendants to show cause why they have imposed or maintained post-arrest restraints on Plaintiff without a filed case, judicial hearing, or ADA-compliant procedures, and to provide justification under law." (Doc. 12, at 2.)

To the extent Plaintiff is asking the court to intervene in state court criminal proceedings, the Court is barred from doing so on the ground of the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). "Younger abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief – such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings – when such relief could adequately be sought before the state court." *Amanatullah v. Colorado Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotation marks omitted). *See also Schwab v. Kansas*, 691 Fed. Appx. 551, 514 (10th Cir. 2017). In this regard,

> [a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. <u>*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances</u>.

*Id.* (emphasis added) (citation and internal quotation marks omitted).

In the present situation, all three *Younger* factors are present. There is, however, a potential exception to the *Younger* abstention doctrine as it "does not apply in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Id.* at 1165 (internal quotation marks omitted). When this is at issue, "[i]t is the plaintiffs['] heavy burden to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.* (brackets and internal quotation marks omitted).

Simply stated, based on what Plaintiffs have submitted to the Court, Plaintiffs failed in their heavy burden to show that they were the victims of proven harassment or that the state court adjudication was undertaken in bad faith. While they may be able to do so as this case progresses, at the present stage the Court is faced with mere unsupported allegations. Thus, the Court finds no basis to except the application of the *Younger* abstention doctrine.

To the extent Plaintiff requests a Show Cause Order regarding the civil claims set out in his Amended Complaint, such a request is procedurally improper. Plaintiff's motion (Doc. 12) is **DENIED**. Plaintiff has raised the claims in his lawsuit and assuming the case moves forward after he pays his filing fee as instructed in the Court's Report & Recommendation regarding Plaintiff's IFP motion, Defendants will then respond to Plaintiff's allegations in their responsive pleading.

**III.    "Plaintiff's Emergency Motion to Supplement Complaint with Evidence of Imminent Retaliation and Request for Judicial Notice" (Doc. 14) and "Plaintiff's Motion for Leave to Amend Paty Name to Correct Identification of Defendant Entity" (Doc. 18).**

The Court will consider these final two motions together as both motions, in essence, seek leave to amend Plaintiffs' Complaint. In the first of these two motions, Plaintiff Michael McLain indicates that he wants to supplement the Complaint "with new evidence of escalating retaliation and physical endangerment, and to request that the Court take judicial notice of ongoing harassment occurring at his residence in connection with this matter." (Doc. 14, at 1.) The related "evidence," which is outlined in that motion, has to do with a fraudulent "eviction sale" listing Plaintiffs' home address. (*Id.*, at 1-2.)

In the second of these motions, Plaintiff Michael McLain seeks leave to change Defendant Sedgwick County Sheriff's Department to the Board of County Commissioners of Sedgwick County, Kansas (BOCC). (Doc. 18.) In support of his motion, Plaintiff states that he "intended to assert claims for Monell liability and violations of the ADA and constitutional rights against Sedgwick County as the governing entity responsible for oversight, training, and supervision of the Sheriff's Office and its employees." (*Id.*, at 1-2.) He asserts that the "proper entity for suit under 42 U.S.C. § 1983 and relevant ADA provisions is the Board of County Commissioners of Sedgwick County, not the Sheriff's Department itself" and that the "amendment is sought to correct a misnomer only." (*Id.*, at 2.)

Because the case is in its early stages (Defendants have not yet been served nor have Answers been filed on their behalf), the Court will construe these motions together as a request to amend Plaintiffs' Complaint. This request to amend is **GRANTED**. Plaintiffs are directed to file <u>one new Amended Complaint which should include both Plaintiffs as well as all relevant information mentioned in these motions (Docs. 14 and 18), the Supplement to Civil Rights</u>

5

Complaint (Doc. 11), and the Exhibits filed in support (Docs. 16 and 17). This amended pleading shall be filed **no later than May 19, 2025**.

In addition, the first of these two motions asks the Court to "[t]ake judicial notice of this emergent harassment and public safety risk." (Doc. 14, at 2.) Judicial notice is governed by Federal Rule of Evidence 201. Subsection (b) of Rule 201 sets for the "Kinds of Facts That May Be Judicially Noticed," stating that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may take judicial notice on its own or "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id.*

The Court **DENIES** Plaintiff's Motion (Doc. 14) to the extent it requests the Court take judicial notice of "emergent harassment and public safety risk." There is no showing that the alleged harassment and/or risk are "generally known" within the District of Kansas," nor is there any indication that this can be accurately determined from sources beyond reasonable question. Rather, the harassment and/or risk are clearly allegations of Plaintiff that he must attempt to prove over the course of this litigation.

**IT IS THEREFORE ORDERED** that Plaintiff's "Request for ADA Accommodation – Communication Support Device" (Doc. 10) is **DENIED without prejudice to refiling**; Plaintiff's "Motion for Order to Show Cause" (Doc. 12) is **DENIED**; "Plaintiff's Emergency Motion to Supplement Complaint with Evidence of Imminent Retaliation and Request for Judicial Notice" (Doc. 14) and "Plaintiff's Motion for Leave to Amend Paty Name to Correct Identification of Defendant Entity" (Doc. 18) are **GRANTED in part** as set forth above, to the extent they seek leave to amend the Complaint but are **DENIED in part** to the extent Plaintiff asks the Court to

"[t]ake judicial notice of this emergent harassment and public safety risk" (Doc. 14, at 2). Plaintiffs Amended Complaint, as discussed in Section III, above, shall be filed **no later than May 19, 2025**.

**IT IS SO ORDERED.**

Dated April 28, 2025, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge