UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL S. MCLAIN,

    Plaintiff,

v.

SEDGWICK CO. SHERIFF'S OFFICE, *et al.*,

    Defendants.

Case No. 25-4036-JWB-BGS

**MEMORANDUM & ORDER ON *PRO SE* MOTIONS**

This matter comes before the Court on *pro se* Plaintiff Michael McLain's Motions to Recognize Alternative Service of Summons on individual Defendant Megan Baugh (Doc. 24) and Defendant SG Communities/Saratoga MHP Fund I LLC (Doc. 25.)  For the reasons set forth herein, both of Plaintiff's motions are **DENIED**.

**I.  Legal Standards for Effectuating Service.**

Service in a federal action is governed by Federal Rule of Civil Procedure 4.  Even though Plaintiff is proceeding *pro se*, he is still "obligated to follow the requirements of Fed.R.Civ.P. 4." *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir.1993).  *See also Bell v. Board of Educ.*, 645 F. Supp. 3d 1177, 1182 (D. Kan. 2022) (holding that even *pro se* litigants have the "burden … to make a *prima facie* showing of sufficient service of process).

As an initial matter, and of potentially "dispositive importance," Federal Rule of Civil Procedure 4(c), which is entitled "Service," sets limits as to who can serve process in a federal action.  *See Constien v. U.S.*, 628 F.3d 1207, 1213 (10th Cir. 2010).  Pursuant to Rule 4(c), service of a summons and Complaint must be completed by a person who is at least 18 years old and not a party

1

to the action. *Id.* (citing Fed. R. Civ. P. 4(c)). This Rule is very strict as "[e]ven when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail." *Id.*

> Although one could question the wisdom of this requirement, see 4B Charles A. Wright & Arthur R. Miller, Federal Procedure & Practice § 1106 n. 15 (3d ed. 2002), the rule contains no mailing exception to the nonparty requirement for service. And the limited history surrounding the relevant rules provisions confirms this reading.

*Id.*, at 1213-14. Thus, the law is well-settled that parties involved in the litigation – including the *pro se* Plaintiff herein – are themselves explicitly prohibited from serving process. *Id.*

As such, both of Plaintiff's motions fail on this issue as all indications contained therein establish that any actions toward effectuating service were made by Plaintiff himself. (*See generally*, Docs. 24 and 25.) The Court will, however, address the other deficiencies with Plaintiff's attempts at service on these two Defendants.

## II. Service on an Individual.

The first of Plaintiff's motions relates to individual Defendant Megan Baugh. (Doc. 24.) Service on an individual within a judicial district of the United States is governed by Rule 4(e). This subsection states that

> [u]nless federal law provides otherwise, an individual … may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

2

Fed. R. Civ. P. 4(e).

Under Kansas state law, methods for service of process upon individuals are governed by Kan. Stat. Ann. § 60-303. Subsection (c) of the statute provides that service may made by "return receipt delivery, which is effected by certified mail, priority mail, commercial courier service, overnight delivery service or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery." Kan. Stat. Ann. § 60-303(c). Personal and residence service is governed by subsection (d) of the statute, which provides that

> (1) A party may file with the clerk a written request for personal service or, in the case of service on an individual, for residence service.
>
> > (A) Personal service is effected by delivering or offering to deliver a copy of the process and [Complaint] or other document to the person to be served.
> >
> > (B) Residence service on an individual is effected by leaving a copy of the process and [Complaint] or other document at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.
> >
> > (C) If personal or residence service cannot be made on an individual, other than a minor or a disabled person, service is effected by leaving a copy of the process and [Complaint] or other document at the individual's dwelling or usual place of abode and mailing to the individual by first-class mail, postage prepaid, a notice that the copy has been left at the individual's dwelling or usual place of abode.

Kan. Stat. Ann. § 60-303(d).

Also relevant is Kan. Stat. Ann. § 60-304, which governs on whom service of process may be made. Service on an individual (who is not disabled or a minor) is had by

> serving the individual or by serving an agent authorized by appointment or by law to receive service of process. If the agent is one designated by statute to receive service, such further notice as the

> statute requires must be given. Service by return receipt delivery must be addressed to an individual <u>at the individual's dwelling or usual place of abode</u> and to an authorized agent at the agent's usual or designated address. If the sheriff, party or party's attorney files a return of service stating that the <u>return receipt delivery to the individual at the individual's dwelling or usual place of abode was refused or unclaimed and that a business address is known for the individual</u>, the sheriff, party or party's attorney <u>may complete service by return receipt delivery, addressed to the individual at the individual's business address</u>.

Kan. Stat. Ann. § 60-304(a) (emphasis added).

Plaintiff states that he has attempted to serve individual Defendant Megan Baugh "by traditional means," including direct service "at her former place of employment (Maple Village/ SG Communities)" and "[c]ontact through Saratoga MHP Fund I LLC's legal counsel." (Doc. 24, at 1.) Plaintiff contends that on May 16, 2025, "opposing counsel," which the Court surmises to mean counsel for Saratoga MHP Fund I LLC,[1] informed Plaintiff "I do not have an address for service upon Ms. Baugh." (*Id.*) Plaintiff argues that Defendant Baugh's "sudden disappearance and counsel's refusal to provide contact information constitute active evasion of service." (*Id.*) Plaintiff also contends that he "[s]ent the summons and complaint via email and text message to Ms. Baugh using the contact methods she had previously used in official capacity[.]" (*Id.*, at 2.)

While Plaintiff asks the Court to find that Defendant Baugh has been "served via alternate means" (i*d*, at 2), the Court finds his attempts at service of Defendant Baugh to be insufficient. There is no provision in the Federal Rules of Civil Procedure or Kansas statutes that would allow service by email or text message, particularly to contact information that a person had "previously used" in their prior employment.

The other efforts outlined by Plaintiff in his motion do not comply with the manners of service provided by Federal Rule 4 and/or Kan. Stat. Ann. § 60-303 and -304. Even assuming the

---

[1] *See* Doc. 25, at 2.

4

attempts at service were made by an individual other than Plaintiff, Plaintiff did not first attempt to serve Defendant Baugh at her dwelling or usual place of abode prior to attempting service at a business address.  (*See generally* Doc. 24.)  Further, Plaintiff specifically indicates the business address at which he tried to serve Defendant Baugh was "her former place of employment."  (*Id.*, at 1.)  This "former" work address would not constitute her business address pursuant to Kansas statute.

Plaintiff has provided no authority for his request for the Court to simply "recognize" that his efforts at serving Defendant Baugh should be considered sufficient to effectuate service on her.  While the Court acknowledges that serving process can be difficult, even for the most experienced litigator, the attempts Plaintiff has made to serve Defendant Baugh clearly do not comply with the requirements of the law.  As such, Plaintiff's motion (Doc. 24) is **DENIED**.

### III.    Service on a Corporate Defendant.

Pursuant to subsection (h) of Rule 4, "a corporation, partnership, or other unincorporated association that is subject to suit under a common name, must be served by delivering a copy of the summons and the complaint to an officer, managing or general agent, or any other authorized agent, or in the manner prescribed by Rule 4(e)(1) for serving an individual."  *Donahue v. Probasco & Assoc., P.A.*, Case No. 18-2344-CM-TJJ, 2019 WL 2297505, at *3 (D. Kan. May 30, 2019).  As discussed above, Rule 4(e)(1) states that service is accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Under Kansas law, service of process upon corporations, companies, partnerships, and other associations is governed by Kan. Stat. Ann. § 60-304(e).  This statute provides that service must be made by:

> (1) Serving an officer, manager, partner or a resident, managing or general agent;

5

>> (2) leaving a copy of the summons and [Complaint] or other document at any of its business offices with the person having charge thereof; or
>
> (3) serving any agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.
>
> Service by return receipt delivery on an officer, partner or agent must be addressed to the person at the person's usual place of business.

*Id.* Also, as discussed above, pursuant to Kansas law, service of process may be made by

> return receipt delivery, which is effected by certified mail, priority mail, commercial courier service, overnight delivery service or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery.

Kan. Stat. Ann. § 60-303(c)(1).

Plaintiff asserts that he has "attempted multiple times to serve SG Communities/Saratoga MHP Fund I LLC through its onsite management at Maple Village, located at 17000 W. Maple St, Goddard, Kansas." (Doc. 25, at 1.) He continues that such "efforts" include:

> • Personal delivery attempts at the office;
> • Encounters with individuals who appeared to manage the site, but refused to identify themselves;
> • Repeated statements from individuals on site: "I'm not the manager", "We don't work for SG", or "We can't accept service."

(*Id.*) Plaintiff admits that "[n]o representative claiming authority to act on behalf of SG Communities has accepted service, nor has any official business contact been posted." (*Id.*, at 2.)

Plaintiff complains that corporate counsel for this Defendant has allegedly refused to "facilitate" service. (*Id.*) He continues that he has "made contact with Cameron Grant, identified as legal counsel for SG Communities and/or Saratoga MHP Fund I LLC," by copying Grant "on formal communication involving this matter" on May 16, 2025. (*Id.*) Plaintiff complains that

6

despite his communication with Grant, "no appearance has been entered and no offer to accept or direct service has been made by counsel." (*Id.*)

As discussed herein, in the District of Kansas, service on a corporation, company, partnership, or other business association must be made by "serving an officer, manager, partner or a resident, managing or general agent," leaving the summons and Complaint at any of the business's offices with the person having charge thereof, or serving "any agent authorized by appointment or by law to receive service of process … ." Kan. Stat. Ann. § 60-304(e). Therefore, unless corporate counsel (in this case, Cameron Grant) belongs to one of these categories (for instance, if he is an officer or authorized agent), counsel is not specifically authorized to accept service under Kansas law. Plaintiff's motion, however, makes no mention of Grant falling into one of these categories. To the contrary, Plaintiff admits that Grant has "reiterate[d]" that he is "not authorized to accept service for Ms. Baugh or SG Communities." (Doc. 25, at 2.)

Plaintiff again asks the Court to find that this Defendant "has received actual notice" of the lawsuit and that his effort, including filing the present motion, "constitutes **sufficient alternative service**" under the Federal Rule of Civil Procedure 4. (*Id.*, at 2-3 (emphasis in original).) Simply stated, Plaintiff has provided no authority for the Court to grant the relief he has requested. As such, this motion (Doc. 25) is **DENIED**.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motions to Recognize Alternative Service on Defendants Baugh (Doc. 24) and SG Communities/Saratoga MHP Fund I LLC (Doc. 25) are **DENIED**. Plaintiff has not effected service on these two Defendants. The Court directs Plaintiff to familiarize himself with the proper manner of effectuating service in the District of Kansas pursuant to Fed. R. Civ. P. 4, Kan. Stat. Ann. § 60-303 and -304, and as outlined in this Order. A *pro se* plaintiff's failure to comply with these requirements can result in dismissal of the case for

insufficient service of process. *See Wanjiku v. Johnson Co.*, 173 F. Supp. 3d 1217, 1231 (D. Kan. 2016).

**IT IS SO ORDERED.**

Dated May 21, 2025, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge

8