## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MICHAEL S. MCLAIN AND
JANETTE MCLAIN,

        Plaintiffs,

        v.

SEDGWICK CO. SHERIFF'S OFFICE, *et al.*,

        Defendants.

Case No. 25-4036-JWB-BGS

## MEMORANDUM & ORDER
## DENYING REQEUST FOR COUNSEL

This matter comes before the Court on Plaintiffs Michael McLain and Janette McLain's (hereinafter "Plaintiffs") "Motion for Court-Appointed Counsel and ADA Accommodation." (Doc. 31.) For the reasons set forth herein, Plaintiffs' request for counsel is **DENIED**.

There is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003); *Lynn v. Willnauer*, Case No. 19-3117-HLT, 2021 WL 1390384, *22 (D. Kan. April 13, 2021). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiffs' ability to afford counsel, (2) plaintiffs' diligence in searching for counsel, (3) the merits of plaintiffs' case, and (4) plaintiffs' capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39

1

(10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). "Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments." *Walker v. U.S. Dept. of Agriculture*, Case No. 22-2100-EFM-KGG, 2022 WL 4235126, at *1 (D. Kan. Sept. 13, 2022). The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421. For the reasons discussed below, the Court finds that, on balance, the above factors weigh against appointing counsel.

Under the first factor, the ability to afford counsel, the undersigned Magistrate Judge notes that she previously entered a Report & Recommendation to the District Court that Plaintiff Michael McLain's motion to proceed *in forma pauperis* be denied. (Doc. 19.) Therein, the Court held that "Plaintiff's financial affidavit does not show that he is unable to pay the filing fee." (*Id.*, at 1.) Rather, while protecting the confidential nature of Plaintiff's financial information, the undersigned Magistrate Judge held that his financial affidavit established that he had a "positive net monthly income" that is "considerably higher than most *pro se* plaintiffs who move for IFP status." (*Id.*, at 2.) Rather than update his financial information in an attempt to establish *IFP* status, Plaintiff Michael McLain paid the Court's filing fee on May 2, 2025. Taken as a whole, while not necessarily weighing against appointing counsel, this factor does not weigh in *favor* of appointing counsel.

The second factor relates to the Plaintiffs' diligence in searching for counsel. Plaintiffs must show that they "made a reasonably diligent effort under the circumstances to obtain an attorney." *Martinez v. Pickering*, No. 22-CV-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022). The Court typically requires the movants to confer with at least five attorneys, not merely contact them. *Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at *2 (D. Kan. Sept. 28, 2021). Here, Plaintiffs' motion makes no mention of the attempt to contact any attorneys regarding

representation, let alone the requisite five.  The Court thus finds that Plaintiffs have not been diligent in their search for counsel, which weighs against the request for appointment.

The next factor is the viability of Plaintiffs' claims in federal court.  *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421.  In regard to this factor, "[t]he burden is on the applicant[s] to convince the court that there is sufficient merit to [their] claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).  Because Plaintiffs paid the filing fee, discussed *supra*, the Court did not have the need to screen Plaintiffs' Complaint (which is now being amended for the third time, *see* Doc. 34) to determine its federal court viability.  That stated, the Court finds, for the purposes of this motion only, that the merits of Plaintiffs' Complaint are sufficient.

The final factor is Plaintiffs' capacity to prepare and present the case without the aid of counsel.  *Castner*, 979 F.2d at 1420-21.  In considering this factor, the Court must look to Plaintiffs' ability to gather and present crucial facts as well as the complexity of the case.  *Id.* at 1422.  Merely alleging that counsel could assist in presenting the "strongest possible case" does not justify granting such a motion.  *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008).

In this regard, Plaintiffs allege that this case "presents complex federal civil rights claims involving multiple government entities, systematic violations of constitutional and statutory rights, and an alleged pattern of racketeering activity designed to suppress Plaintiffs' federally protected rights under the ADA and Fair Housing Act." (Doc. 31, at 1.)  They continue that included in their claims are alleged violations of "42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, the Fair Housing Act, the First Amendment, Fourth Amendment, Fifth Amendment, Fourteenth Amendment, and the Racketeer Influenced and Corrupt Organizations Act (RICO) , 18 U.S .C. § 1962." (*Id.*)  Plaintiffs also assert that the "factual and legal complexity of this case involves coordination between multiple law enforcement agencies, municipal entities, and private actors in

3

what Plaintiffs allege constitutes an unlawful enterprise designed to retaliate against disabled veterans exercising their federal civil rights." (*Id.*) The Court does not, however, find this case to be generally more complicated that those cases brought by the multitude of *pro se* Plaintiffs representing themselves in federal courts throughout the United States at any given time.

Plaintiffs' motion also indicates that Plaintiff Michael McLain is a "100% service-connected disabled combat veteran, permanently disabled by Post-Traumatic Stress Disorder (PTSD), Traumatic Brain Injury (TBI), stroke-related cognitive impairment, and encephalomalacia, as documented in his Social Security Benefit Verification Letter dated April 10, 2025, and VA medical records." (Doc. 31, at 2.) The motion indicates that these disabilities "substantially impair" Plaintiff Michael McLain's major life activities, including

> a. Cognitive processing and executive function;
> b. Memory retention and organization;
> c. Communication and emotional regulation;
> d. Ability to concentrate for extended periods;
> e. Processing complex legal concepts and procedures.

(*Id.*) Plaintiffs continue that Plaintiff Michael McLain's "cognitive disabilities are particularly exacerbated during stressful situations and when dealing with authority figures, creating a self-reinforcing cycle that substantially limits his ability to effectively advocate for himself in complex litigation" which "directly impacts his capacity to prepare, organize, and execute complex legal filings, especially in matters involving RICO, ADA, and constitutional civil rights claims requiring sophisticated legal analysis and procedural compliance." (*Id.*) Plaintiffs' motion does not, however, appear to address any cognitive impairment suffered by Plaintiff Janette McClain.

Despite these allegations as to Plaintiff Michael McLain, the Court must base its determination on its experience with Plaintiffs in the present litigation and reflected in Plaintiffs' case filings herein. The Court finds Plaintiffs' filings to be well-reasoned, articulate, and organized. Plaintiffs use proper grammar and sentence syntax. Plaintiffs lay out relevant facts and cite

appropriate authority, including numerous federal statutes. This has been the Court's experience both before Janette McLain was added as a Plaintiff in this case and since that time.

The Court understands that Plaintiffs believe they have meritorious claims and deserve an attorney to represent them. This, by itself, however, is an insufficient basis for the Court to appoint an attorney.

While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish Plaintiffs from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day. In other words, although Plaintiffs are not trained attorneys, this alone also does not warrant appointment of counsel.

Considering all of the above, Plaintiffs' Motion for Appointment of Counsel (Doc. 31) is **DENIED**. The denial of this motion is, however, **without prejudice to potential refiling** at the summary judgment phase of this litigation.[1]

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Appointment of Counsel (Doc. 31) is **DENIED**.

**IT IS SO ORDERED**.

Dated June 17, 2025, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge

---

[1] In addition to requesting the appointment of counsel, Plaintiffs' motion also requests the Court provide the following "reasonable accommodations": "a. Extended time for filings when necessary due to disability-related limitations; b. Clear, written instructions for procedural requirements; c. Accommodation for disability-related communication barriers during proceedings; d. Any other accommodations deemed necessary to ensure effective participation." (Doc. 31, at 4.) The Court declines to provide the requested prospective relief but will address such issues and requests in real time, on an "as needed" basis when relevant circumstances so arise in this litigation.