# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL S. MCLAIN AND<br>ROSALEE JANETTE MCLAIN,<br><br>        Plaintiffs,<br><br>        v.<br><br>SEDGWICK CO. SHERIFF'S OFFICE, *et al.*,<br><br>        Defendants. | Case No. 25-4036-JWB-BGS |

## MEMORANDUM & ORDER ON *PRO SE* MOTION FOR SERVICE

This matter comes before the Court on *pro se* Plaintiffs Michael McLain and Rosalee Janette McLain's "Motion for Service of Summons by United States Marshal Pursuant to Fed. R. Civ. P. 4(c)(3) and ADA Accommodation Request." (Doc. 30.) For the reasons set forth herein, Plaintiffs' motion is **GRANTED in part**.

A plaintiff typically is responsible for serving the defendants within the time allotted pursuant to Fed. R. Civ. P. 4(m). *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."). Even so, Rule 4(c)(3) provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."

In situations such as the present case wherein a plaintiff is not proceeding *in forma pauperis*, "'the decision whether to order the U.S. Marshal to serve the Summons and Complaint is left to the sound discretion of the Court.'" *Freeman v. Raytheon Techs. Corp.*, No. 22-1161-RM-NYW, 2022 WL 1984163, at *2 (D. Colo. June 6, 2022) (quoting *Palmer v. City & Cnty. of Denver*, No. 18-1003-REB-

1

STV, 2019 WL 1118025, at *2 (D. Colo. Jan. 8, 2019)). That stated, ordering service by the U.S. Marshal is a "costly and burdensome approach." *York v. Fed. Bureau of Prisons*, No. 07-1297-EWN-KLM, 2008 WL 2410416, at *2 (D. Colo. June 11, 2008). Thus, "'court orders directing service by marshal should not be issued unless they really are necessary.'" *Hollywood v. Carrows California Fam. Restaurants*, No. 18-2098-JGB (GJS), 2018 WL 7461690, at *1 (C.D. Cal. Apr. 26, 2018) (quoting Fed. R. Civ. P. 4(c), advisory committee notes to 1981 amendments, 93 F.R.D. 255, 262 (1981)).

Plaintiffs, however, will be "responsible for payment of the cost of service, including any reasonable steps taken by USMS to locate the defendants for the purpose of effecting service of summons." *Bloom v. McPherson*, No. 07-3258-SAC, 2010 WL 2025228, at *2 (D. Kan. May 20, 2010). Further, Plaintiffs must submit addresses to the U.S. Marshal at which the named Defendants can be served. *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007).

Plaintiffs contend that Plaintiff Michael McLain's disability, current housing displacement, and financial hardship make it difficult, if not impossible, for him to secure private process servers.[1] (Doc. 30, at 1-2.) According to Plaintiffs, "[t]he financial burden of private service would constitute an additional barrier to Plaintiff's access to federal courts and would further the Defendants' apparent strategy of procedural exhaustion." (*Id.*, at 2.)

Under these circumstances, the Court finds there is good reason to grant Plaintiffs' motion and directs that service be made by the USMS. The Court is not making a determination that the requested relief constitutes a reasonable accommodation under the ADA. Rather the motion is granted based on the foregoing reasons stated by the Court.

---

[1] The Court surmises that Plaintiff Rosalee Janette McLain, who is the wife of Plaintiff Michael McLain, suffers from the same housing displacement and financial hardship.

To effectuate such service, Plaintiffs are directed to submit addresses for each of the named Defendants by **July 7, 2025**. Plaintiffs should anticipate receiving a "Billing Statement" from the U.S. Marshal for the cost of such service. *See* Form USM-285.

IT IS THEREFORE ORDERED that Plaintiffs' motion for service (Doc. 30) is **GRANTED in part** as set forth herein.

IT IS FURTHER ORDERED that by **July 7, 2025**, Plaintiffs submit addresses at which the U.S. Marshal may serve each named Defendant.

IT IS FURTHER ORDERED that the U.S. Marshal is ordered to effectuate service pursuant to Federal Rule of Civil Procedure 4(c)(3). The clerk's office is directed to provide the U.S. Marshal with copies of this order, the Third Amended Complaint (Doc. 37), and summonses.

**IT IS SO ORDERED.**

Dated June 20, 2025, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge