**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MICHAEL S. MCLAIN AND
ROSALEE JANETTE MCLAIN,

        Plaintiffs,

        v.

SEDGWICK CO. SHERIFF'S OFFICE, *et al.*,

        Defendants.

Case No. 25-4036-JWB-BGS

### <u>MEMORANDUM & ORDER ON *PRO SE* MOTION FOR SERVICE</u>

This matter comes before the Court on *pro se* Plaintiffs Michael McLain and Rosalee Janette McLain's "Motion for Service of Process by United States Marshals Upon Defendant Tyra Olson." (Doc. 112.)  For the reasons set forth herein, Plaintiffs' motion is **GRANTED**.

The undersigned Magistrate Judge granted, for good cause and as unopposed, Plaintiffs' Motion for Leave to File Fourth Amended Complaint on April 13, 2026.  (*See* Doc. 110.)  The undersigned directed Plaintiff to promptly effect service upon Defendant Tyra Olson.  (*Id.*) Plaintiffs now request an Order directing the U.S. Marshals Service to effect service of the Fourth Amended Complaint and summons upon Defendant Tyra Olson at the address Plaintiffs have provided in their motion.  (Doc. 112.)

A plaintiff typically is responsible for serving the defendants within the time allotted pursuant to Fed. R. Civ. P. 4(m).  *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must

furnish the necessary copies to the person who makes service."). Even so, Rule 4(c)(3) provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."

In situations such as the present case wherein a plaintiff is not proceeding *in forma pauperis*,[1] "'the decision whether to order the U.S. Marshal to serve the Summons and Complaint is left to the sound discretion of the Court.'" *Freeman v. Raytheon Techs. Corp.*, No. 22-1161-RM-NYW, 2022 WL 1984163, at *2 (D. Colo. June 6, 2022) (quoting *Palmer v. City & Cnty. of Denver*, No. 18-1003-REB-STV, 2019 WL 1118025, at *2 (D. Colo. Jan. 8, 2019)). That stated, ordering service by the U.S. Marshal is a "costly and burdensome approach." *York v. Fed. Bureau of Prisons*, No. 07-1297-EWN-KLM, 2008 WL 2410416, at *2 (D. Colo. June 11, 2008). Thus, "'court orders directing service by marshal should not be issued unless they really are necessary.'" *Hollywood v. Carrows California Fam. Restaurants*, No. 18-2098-JGB (GJS), 2018 WL 7461690, at *1 (C.D. Cal. Apr. 26, 2018) (quoting Fed. R. Civ. P. 4(c), advisory committee notes to 1981 amendments, 93 F.R.D. 255, 262 (1981)).

The Fourth Amended Complaint alleges that Plaintiff Rosalee McLain "is a service-connected disabled combat veteran who suffers from PTSD related to military sexual trauma and sexual assault sustained during her military service." (Doc. 111, at 2-3.) Plaintiffs' motion indicates that Plaintiff Michael S. McLain is "a 100% permanently and totally service-connected disabled combat veteran rated by the Department of Veterans Affairs, with documented PTSD, Traumatic Brain Injury, encephalomalacia, and stroke." (Doc. 112, at 2.) Plaintiffs argue that directing service through the U.S. Marshals "constitutes a reasonable accommodation consistent with … the Americans with Disabilities Act … ." (*Id.*)

The Court is not making a determination that the requested relief constitutes a reasonable accommodation under the ADA. The Court does, however, find that Plaintiffs have established

---

[1] The *pro se* Plaintiffs paid the Court's filing fee on May 2, 2025. (*See* May 2, 2025, text entry.)

good cause[2] for the Court to order that service be effected on Defendant Tyra Olson by the U.S. Marshal at the address provided by Plaintiffs:  1921 S. Honeytree Circle, Wichita, KS  67207.

That stated, Plaintiffs will be "responsible for payment of the cost of service, including any reasonable steps taken by USMS to locate the [Defendant Olson] for the purpose of effecting service of summons."  *Bloom v. McPherson*, No. 07-3258-SAC, 2010 WL 2025228, at *2 (D. Kan. May 20, 2010).  Plaintiffs should anticipate receiving a "Billing Statement" from the U.S. Marshal for the cost of such service.  *See* Form USM-285.

IT IS THEREFORE ORDERED that Plaintiffs' motion for service (Doc. 30) is **GRANTED** as set forth herein.

IT IS FURTHER ORDERED that the U.S. Marshal is ordered to effectuate service on Defendant Tyra Olson pursuant to Federal Rule of Civil Procedure 4(c)(3) at the address of 1921 S. Honeytree Circle, Wichita, KS  67207.  The clerk's office is directed to provide the U.S. Marshal with copies of this order, the Fourth Amended Complaint (Doc. 111), and summonses.

**IT IS SO ORDERED.**

Dated April 20, 2026, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge

---

[2] The Court has previously ordered service by the U.S. Marshal on other Defendants in this case.  (*See* Doc. 38.)