**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MICHAEL S. MCLAIN, *et al.*,

     Plaintiff,

     v.

BOARD OF COUNTY COMMISSIONERS OF
SEDGWICK COUNTY, KANSAS, *et al.*,

     Defendants.

Case No. 25-4036-JWB-BGS

**MEMORANDUM & ORDER ON**
**DEFENDANTS' MOTION TO FILE ANSWER OUT OF TIME**

Before the Court is the Motion to File Answer to Plaintiff's Fourth Amended Complaint

Out of Time (Doc. 135) filed by Defendants Jeff Easter, Jared Schecter, Nicholas Sholander, Samuel

Humig, Cody Nail, Tyra Olson, and Jeremy Langley (hereinafter "the moving Defendants").[1]  The

moving Defendants contend that as the result of a clerical oversight, no formal answer to Plaintiff's

Fourth Amended Complaint was filed.[2]  Plaintiff has responded in opposition.  No reply will be

necessary.  For the reasons set forth below, the motion (Doc. 135) is **GRANTED**.

**FACTUAL BACKGROUND**

On March 27, 2026, the *pro se* Plaintiffs filed a motion (Doc. 105) for leave to file a Fourth

Amended Complaint, which was subsequently granted by the undersigned on April 13, 2026 (Doc.

110, text Order).  The Fourth Amended Complaint was filed the next day on April 14, 2026.  (Doc.

111.)  Therein, Plaintiffs removed and dismissed three John Doe Defendants previously named by

---

[1] The Defendant Board of County Commissioners of Sedgwick County, Kansas (hereinafter "Sedgwick County BOCC") is a party related to this group of Defendants that is also represented by the same attorneys.  The Court will, therefore, include Sedgwick County BOCC as a moving Defendant.

[2] The motion is unclear as to whether the request is being made on behalf of Defendant Olson alone or the entire group of Defendants represented by these attorneys.  The Court, however, notes that no answer has been filed on behalf of any of these Defendants – and, unlike Defendant Olson, their answer would have been due 21 days after the filing of Plaintiff's Fourth Amended Complaint.  The Court will, therefore, presume the motion is filed on behalf of all the moving Defendants, including Sedgwick County BOCC.

Plaintiffs (John Doe Jail Intake Officer, John Doe Community Corrections Supervisor, and John Doe Jail Shift Supervisor) and identified them as Tyra Olson, Nicholas Sholander, and Jared Schecter.  (Doc. 110.)  The Court noted Defendants Sholander and Schecter were already represented by counsel and that no further service upon them would be required, but that Defendant Olson had yet to be served in this matter; the Court directed Plaintiffs to do so.  (*Id.*)

On April 15, Plaintiffs moved to have Defendant Olson served by the U.S. Marshall.  (Doc. 112.)  Summons was subsequently issued on April 20, 2026 (Doc. 119), with service effectuated on April 27, 2026 (Doc. 129).  Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i) the deadline to serve an answer was May 18, 2026.  (*Id.*)  That stated, no answer has been filed to Plaintiff's Fourth Amended Complaint on behalf of Olson or any of the moving Defendants.[3]

Counsel for the moving Defendants states that the answer deadline was inadvertently not calendared.  (Doc. 135, at 3.)  During this time, Defendants were in the process of responding to four sets of requests for production from Plaintiffs, which Defendants contend "have encompassed more than 60 different classifications of documents, video and audio recordings, and other information, resulting in the production of voluminous tranches of records."  (*Id.*, at 2.)

**ANALYSIS**

Pursuant to Fed. R. Civ. P. 6(b)(1)(B), a court may excuse a party's failure to act within a specified time "if the party failed to act because of excusable neglect."  *see also Hall v. Life Care Centers of America, Inc.*, No. 16-2729-JTM-KGG, 2018 WL 2035966, at *1 (D. Kan. May 1, 2018) (citing Fed. R. Civ. P. 6(b)(1)(B)).  A court looks at the following factors to determine whether the failure to act was the result of excusable neglect: "(1) the danger of prejudice to the [nonmoving party], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay,

---

[3] Defendants SG Communities and Megan Baugh filed a timely motion to dismiss Plaintiff's Fourth Amended Complaint.  (Doc. 116.)  These Defendants are not parties to the present motion.

including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1493, 123 L.Ed.2d 74 (1993)); *see also Hall*, 2018 WL 2035966, at *1 (citation omitted).

"The reason for the delay in filing the answer is an important, if not the most important, factor in this analysis." *Scott v. Power Plant Maint. Specialists, Inc.*, No. 09-2591, 2010 WL 1881058, at *4 (D. Kan. May 10, 2010) (citation omitted). "The decision to permit the late filing of a pleading lies within the court's discretion, and 'the preferred disposition of any case is upon its merits and not by default judgment.' " *Claimsolution, Inc. v. Claim Solutions, LLC*, No. 17-2005-JWL-GEB, 2017 WL 2225225, at *2 (D. Kan. May 22, 2017) (internal citation omitted). Here, the factors weigh in favor of finding excusable neglect by the moving Defendants and granting them leave to answer out of time.

The moving Defendants argue that the omission of the Answer results from counsel's oversight. They argue that Plaintiff will not be prejudiced considering this is a Fourth Amended Compliant, "rather than the inception of litigation." (Doc. 135, at 3.) They also state that by email dated May 29, 2026, Plaintiffs have indicated an intent to seek to file a Fifth Amended Complaint. (*Id.* at 4, 15.)

Plaintiffs respond that the reason for the delay was entirely within moving Defendants' own control. (Doc. 136, at 4.) The also indicate that they "have been conducting discovery without County Defendants' formal answer for nearly two months." (*Id.*) Even so, Plaintiffs and the moving Defendants have been engaged in discovery throughout this time. (*See e.g.* Docs. 113, 114, 124, 127, 132.)

The Court finds the length of delay – as well any prejudice to Plaintiffs – to be minimal. While this matter was within the control of the moving Defendants, there is no evidence of bad

3

faith on their part.  Further, the Court is satisfied that the moving Defendants' mistake was the result of an administrative error.  Courts in this District have held that this is a valid basis to find excusable neglect.  *Dorsey v. Soucie*, No. 25-2006-JAR-BGS, 2026 WL 509449, at *4 (Feb. 24, 2026) (finding excusable neglect for the failure to file an answer until after the close of discovery as the result of an administrative oversight) (citing *Hall v. Life Care Centers of America, Inc.*, No. 16-2729-JTM-KGG, 2018 WL 2035966, at *2 (D. Kan. May 1, 2018) (granting a motion to file out of time that was the result of an "administrative error" and the fact that "counsel mistakenly overlooked the deadline").

Given the totality of circumstances, the Court finds the factors outlined in *Torres* and *Pioneer*, *supra*, to weigh in favor of granting this motion.  As such, the moving Defendants' motion (Doc. 135) is **GRANTED**.  Given the lack of clarity as to which of the moving Defendants request this relief, coupled with the fact that none of them have answered the Fourth Amended Complaint, the Court **ORDERS** that the moving Defendants, including Sedgwick County BOCC, shall file their Answer on or before **June 11, 2026**.

**IT IS SO ORDERED**.

Dated June 4, 2026, at Wichita, Kansas.

/s/BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge

4