IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL S. MCCLAIN and
ROSALEE JANETTE MCCLAIN,

Plaintiffs,

v. Case No. 25-4036-JWB

BOARD OF COUNTY COMMISSIONERS
OF SEDGWICK COUNTY, KANSAS, et al.,

Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiffs' motion for partial reconsideration of this court's order dismissing their claims against Defendants SG Communities and Megan Baugh. (Doc. 142.) The motion is DENIED for the reasons stated herein.

**I. Facts**

The court set forth a detailed recitation of the facts in Plaintiffs' fourth amended complaint ("FAC")_in its prior order. (Doc. 140.) It declines to exhaustively cover them again. Relevant here, Plaintiffs allege that SG Communities breached the Fair Housing Act ("FHA") when it allowed a registered sex offender to live in the Maple Village Mobile Home Community, allegedly in breach of Plaintiffs' lease which contained a no sex-offender provision. (Doc. 111 at 8.) Moreover, Plaintiffs allege that when they objected to this individual living in the neighborhood, Defendants retaliated against them by ultimately evicting them from their home. (Doc. 111 at 14–15.)

This court dismissed both claims under Fed. R. Civ. P. 12(b)(6), for failure to state a claim. (Doc. 140 at 6–13.) Plaintiffs now move the court to reconsider that holding, principally because

they argue the court "misapprehen[ded]" Plaintiffs' FHA theory of the case. (Doc. 142 at 1.) They make several arguments in support of their motion, but as explained below, the court rejects them all.

## II. Standard

"Although not formally recognized by the Federal Rules of Civil Procedure, motions for reconsideration are generally construed under Rule 54(b), Rule 59(e), or Rule 60(b), depending on when the motion is filed." *Gale v. Uintah Cnty*, No. 13-CV-725, 2021 WL 4553218 at *2 (D. Utah Oct. 5, 2021) (citing *Price v. Philpot*, 420 F.3d 1158, 1167, n. 9 (10th Cir. 2005)). Under Rule 54(b) "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Though Rule 54(b) power is more open ended, *see Gale*, 2021 WL 4553218 at *3, the analysis for district courts is the same as under Rules 59(e) and 60(b). "Motions for reconsideration may only be granted based on the availability of new evidence, an intervening change in the controlling law, or the need to correct clear error to prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)); *see also* D. Kan. R. 7.3. Courts should limit motions for reconsideration to "extraordinary circumstances." *Id.*

## III. Analysis

The court divides its analysis into the two FHA claims that Plaintiffs raised: direct and retaliation. (Doc. 111 at 21.) From there the court will evaluate each of the arguments that Plaintiffs make in their motion for reconsideration.

### A. Direct FHA Claim

Regarding Plaintiffs' direct FHA claim, they argue that the court addressed a theory of FHA liability that Plaintiffs never advanced and did not address the actual theory of liability outlined in the FAC. (Doc. 142 at 2.) According to Plaintiffs their "theory was not that Defendants placed Sampson at Maple Village because Plaintiffs were disabled. Plaintiffs' theory was that Defendants altered a material housing condition upon which disabled tenants relied, maintained that alteration despite repeated objections and accommodation-related complaints, and then retaliated against Plaintiffs after they exercised protected rights." (*Id.*) They claim this distinction is "significant" and that the "refram[ing]" of the action as "covenant enforcement" means that the court did not address the complaint's theory of "alleged discrimination in the terms and conditions of housing, unauthorized modification of a material housing condition, and retaliation under 42 U.S.C. §§ 3604(f)(2) and 3617." (*Id.*)

It seems Plaintiffs misunderstand this court's prior order. Big picture, the court's order did not *evaluate* a covenant enforcement claim, rather the court's order determined that Plaintiffs were *advancing* a covenant enforcement claim under the guise of an FHA claim. In so doing, Plaintiffs failed to properly plead a failure to accommodate claim under the FHA. The reason for the court's observation that Plaintiffs' claims "sound[] in common law breach of contract rather than federal housing law" was to note that Plaintiffs might have had more success with a simple breach of contract lawsuit.

Plaintiffs then argue that they did not plead a failure to accommodate claim but instead pled a pure discrimination claim. (Doc. 142-1 at 2–3) (comparing 42 U.S.C. § 3604(f)(2) and (f)(3)(B)). This also fails for multiple reasons. First, as the court explained in its prior order, while § 3604(f)(2) and (f)(3)(B) supply distinct bases for different claims, they are "interrelated" aspects of the statute and Plaintiffs clearly pled a claim under the latter, a failure to accommodate claim.

(Doc. 140 at 9.) The FAC lists count IV as brought under "42 U.S.C. §§ 3604(f), 3617". (Doc. 111 at 21.) Paragraph 51 of the complaint alleges that "SG Communities violated 42 U.S.C. § 3604(f)(2) *by failing to provide reasonable accommodations in the terms, conditions, and privileges* of the rental when Plaintiffs required enforcement of the no-sex-offenders covenant as an accommodation for their documented disabilities." (*Id.*) (emphasis added). The only relevant portion of the statute that applies to "reasonable accommodations" is § 3604(f)(3)(B), which is one subset of claims brought under § 3604(f)(2).

A careful reader will also notice the words "required enforcement of the no-sex-offenders covenant" appear in paragraph 51 of the complaint; this is odd, given that, as explained above, Plaintiffs accuse the court of evaluating that theory as one Plaintiffs did not advance.[1] (*See* Doc. 142 at 3.) Based on *the totality of Plaintiffs' complaint*, including the framing provided in paragraph 51, the court construed Plaintiffs' claims as arising out Defendants' alleged failure to "make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). This claim is a subset of 42 U.S.C. § 3604(f)(2) which makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of" that person or persons associated with the renter. *Id.* at § 3604(f)(2). "For purposes of [that] subsection discrimination includes" three kinds of failures to accommodate, including the one described above. *Id.* at § 3604(f)(3). Plaintiffs' complaint

[1] This is not a unique occurrence in Plaintiffs' motion. At one point, Plaintiffs argue the court improperly narrowed their theory of liability but elsewhere assert that their theory is actually narrower than the one the court analyzed. (*Compare* Doc.142-1 at 2 ("Plaintiffs FHA theory is narrower and different.") *with* Doc. 142 at 3 ("Accordingly, the Court's characterization of Count IV as a request to enforce a lease covenant against a third-party resident materially narrows the theory actually pled.")).

expressly invokes failure to provide reasonable accommodations multiple times, specifically in the context of the no-sex-offenders clause. (Doc. 111 at ¶ 3, 51, 53.) For this reason, the court declines to reconsider its prior order on the grounds that it misapprehended Plaintiffs' theory of liability.

But still, even if the court construes count IV as an (f)(2) claim outside of the failure to accommodate context, Plaintiffs' claim still fails. For one, as the court explained in its prior order "whatever sort of discrimination is alleged, it must be 'because of' Plaintiffs' handicap(s)." (Doc. 140 at 9) (quoting 42 U.S.C. § 3604(f)(2)). The statutory "because of" is the reason plaintiffs proceeding under the failure to accommodate provision of the statute must plead that a defendant "knew or reasonably should have known of the claimed handicap." *See Arnal v. Aspen View Condominium Ass'n, Inc.*, 226 F. Supp. 3d 1177, 1183 (D. Colo. 2016). Likewise, a claim brought solely under § 3604(f)(2) must plead "factual allegations [that are] []sufficient for the court to reasonably understand that defendants took the alleged actions because of [Plaintiffs'] handicap." *Watson v. Vici Community Development Corp.*, No. 20-CV-1011-F, 2021 WL 1394477, at *8 (W.D. Okla. Apr. 12, 2021). Plaintiffs have failed to do so. Nothing in the FAC indicates that, for some reason or another, Defendants situated Damon Sampson at Maple Village, in alleged violation of the no-sex-offenders clause, because of Plaintiffs' handicaps.

It is here again that Plaintiffs' misread the prior order. The court held that Plaintiffs failed to show that Defendants placed Damon Sampson at Maple Village because of Plaintiffs' disability and Plaintiffs now tell the court they never "advanced such a theory". (Doc. 142 at 2.) But, particularly for a claim under only § 3604(f)(2), Plaintiffs don't have a choice. That is the theory required by the statute for FHA liability to attach. The placement of Damon Sampson is the only relevant action that the FAC alleges violated Plaintiffs' § 3604 FHA rights. The alleged violation of the no-sex-offender clause is the alleged discrimination in "the terms, conditions, or privileges"

of the "rental" of Plaintiffs' home. 42 U.S.C. § 3604(f)(2). Plaintiffs do not raise another term or condition in the FAC. For those reasons, Plaintiffs' claims, even if recast, still fail.

### B. Retaliation FHA Claim

Plaintiffs make a more general objection to the court's holding dismissing their FHA retaliation claim. They simply argue that the court incorrectly determined that Plaintiffs had not pled that any action taken against them was because of their FHA protected activities. (Doc. 140 at 11–12; Doc. 142-1 at 3–5.) But mere disagreement with the court's analysis is not a valid ground for reconsideration. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."). Therefore, the court declines to reconduct its analysis of Plaintiffs' now dismissed FHA retaliation claim.

### C. Plaintiff Rosalee Jannette McClain

At the end of Plaintiffs' motion they also argue that the court "extinguished Plaintiff Rosalee Janette McClain's independent FHA claims without separate analysis of her specific allegations." (Doc. 142-1 at 5–6.) First, this is not true. Where necessary, the court did address the specific factual allegations that were only attributable to Mrs. McClain. (Doc. 140 at 12–13.) Second, even a brief review of the FAC demonstrates that Plaintiffs' largely make their allegations collectively. The court's analysis of Plaintiffs' claims therefore rests upon those facts. For the most part, Mrs. McClain's claims are resolved through the same analysis as Mr. McClain's, as the court's prior order makes clear.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED. (Doc. 142.)

IT IS SO ORDERED. Dated this 12th day of August, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE